| | |
|---|---|
| **From:** | Judith Schnell <​█████████.com> |
| **Sent:** | Thursday, January 2, 2020 1:57 PM |
| **To:** | Bryan Rigg |
| **Cc:** | Dave Reisch; Stephanie Otto; 'Harper, Geoffrey Scott'; Tom Hancock; 'Stodghill, Steve' |
| **Subject:** | RE: Regarding my book Flamethrower--Immediate Action Required |

◄External Email► - From: █████████.com

We shall get the paperwork underway and shall return all materials you had submitted.


**From:** Bryan Rigg [mailto:█████████████████.com]
**Sent:** Thursday, January 2, 2020 1:45 PM
**To:** Judith Schnell <jschnell@rowman.com>
**Cc:** Dave Reisch <█████████.com>; Stephanie Otto <█████████.com>; 'Harper, Geoffrey Scott' <█████████.com>; 'Tom Hancock' <█████████.com>; 'Stodghill, Steve' <█████████.com>
**Subject:** RE: Regarding my book Flamethrower--Immediate Action Required

Dear Judy,

Thanks. I look forward to receiving the paperwork you mention below. Please have Dave return all the hard copies of the artwork I gave him.

Sincerely Yours,

Bryan Mark Rigg, PhD
Rigg Wealth Management, LLC

Tel.
Fax
Mobile
Email


**From:** Judith Schnell <█████████>
**Sent:** Thursday, January 2, 2020 12:13 PM
**To:** Bryan Rigg <█████████>
**Cc:** Dave Reisch <█████████>; Stephanie Otto <█████████>
**Subject:** RE: Regarding my book Flamethrower--Immediate Action Required

Hello Bryan,
I have returned to the office following the December holidays and am now able to respond to your email of December 18th.

As you have asked, we shall agree to cancel our publishing agreement for the Work titled Flamethrower and will prepare the paperwork for us to sign bringing the agreement to an end.

We shall agree to forego your returning the advance and, upon both parties signing of the paperwork, we shall return the manuscript in the form you delivered it. The editorial work that Stackpole made to the manuscript along with the cover and anything else we have prepared in the process of getting the book ready for publication remains Stackpole's property.

It is unfortunate that we could not find a way to publish and I wish you all the best as you decide a way forward.

Kind regards,
Judith

**From:** Judith Schnell
**Sent:** Thursday, December 19, 2019 9:45 AM
**To:** Bryan Rigg <​>
**Cc:** Dave Reisch <​>; Elaine McGarraugh <​>; Stephanie Otto <​>; Harper, Geoffrey Scott <​>; Stodghill, Steve <​>; Tom Hancock <​>
**Subject:** Re: Regarding my book Flamethrower--Immediate Action Required

Bryan, I am traveling and off for Christmas holiday. Will reply when I return to office after Christmas. Best, Judith

Sent from my iPhone

On Dec 18, 2019, at 12:24 PM, Bryan Rigg <​> wrote:

> Dear Judy:
>
> I am writing regarding Stackpole Book's recent unlawful actions in regard to both myself and my upcoming book, *Flamethrower*. Please accept this correspondence as a formal demand that Stackpole immediately confirm either (1) that it is terminating the March 8, 2019 Author's Agreement (the "Agreement") or (2) that it will publish *Flamethrower* within four months.
>
> *Flamethrower* is complete and almost ready to publish. You have repeatedly assured me that it is ready to go. Now, for reasons that are frankly beyond me, you are taking untenable positions that appear to be designed to harm the book.
>
> As you know, *Flamethrower* is a historical work that is filled with citations to prove up all of the facts contained therein. It is a groundbreaking work that has already brought many new facts to light and unearthed a potential "Stolen Valor" case. For obvious reasons, the accuracy of the book is critically important.
>
> When Woody Williams groundlessly sued me to prevent publication of facts he considered negative, I informed you of the suit. You continued to assure me that the book would be published and I have worked tirelessly with your staff toward that goal. When Mr. Williams threatened to sue Stackpole as well, you immediately began a course of unlawful actions. Specifically:
>
>> 1. You called Mr. Williams' counsel and told him that you would not publish the book while the lawsuit was pending, and would not publish the book even if we obtained dismissal of the lawsuit, unless Mr. Williams gave you permission to publish.

2

Rigg_000895

2.  You agreed to send Mr. Williams copies of my unpublished manuscript *without any agreement for confidentiality*. I also repeatedly told you not to do so via email and on the phone. I *never gave you permission to do so*.

3.  You agreed to actions 1 & 2 above for Stackpole's personal benefit (seeking an agreement that Mr. Williams would not sue Stackpole) and with full knowledge and deliberate intention that such actions would harm me both in regard to the book and in the current litigation.

4.  When we spoke about these issues, you stated that Stackpole would only publish the book if I rewrote *Flamethrower* so that it contained only information that made Mr. Williams "happy" – despite your agreement that *such edits would make the book factually inaccurate*. You also conditioned Stackpole's publication on the dismissal of the current lawsuit.

    a.  When I informed you that Mr. Williams and I would not be able to resolve our differences – and that the court battle would not end for years – you told me that Stackpole would not publish the book.

    b.  Soon after we spoke, Dave Reisch called me to say "goodbye" and wish me luck with another publisher.

5.  After telling me that Stackpole would not publish *Flamethrower*, you have now taken the position that its publication is not cancelled, but merely on hold.

Your actions listed above are both tortious and breach of the Agreement. By announcing that you will not publish the book until the lawsuit is resolved (with full knowledge that such resolution cannot occur within the 18-month publication period listed in Section 6 of the Agreement) you have anticipatorily breached the contract. Moreover, while declaring the publication "on hold" – as opposed to simply confirming your intention not to publish – you are seeking to prevent the publication of the book and breaching your duty of good faith and fair dealing under Maryland law.

Most importantly, by both refusing to publish the book and simultaneously holding the book hostage (and falsely calling the publication "on hold"), *you are granting Mr. Williams the exact relief he is seeking in his lawsuit*. Rather than acting as my agent, you are actively conspiring with the Plaintiff in my suit to grant him relief to my detriment. As you well know, 2020 is the 75th anniversary of the Battle of Iwo Jima. The book needs to be published ASAP. Your actions to wrongfully delay the publishing will cause tremendous damages and deny the book the ability to capitalize on the publicity of the anniversary.

I fully recognize that Section 20 of the Agreement gives Stackpole the sole right to terminate the Agreement due to supervening events or circumstances. As, per my conversations with both you and Dave Reisch, Stackpole said they were exercising those rights, I fully expected for us to part ways professionally and as friends. However, Stackpole cannot both terminate the contract while simultaneously claiming that the publication is merely delayed.

Upon your confirmation that Stackpole is terminating the contract, we can inform the Court in West Virginia of the same, as that should prevent you being added to the lawsuit as a defendant. Otherwise, Stackpole, through its refusal to confirm what we've already been told, and its collusion with Mr. Williams, is essentially choosing to be added to the lawsuit, despite telling me and Mr. Williams' counsel that you won't publish the book under the terms of the contract.

Thus, please immediately confirm that Stackpole is terminating the Agreement. Alternatively, please confirm that Stackpole will publish *Flamethrower* as soon as possible within the next four months.

Sincerely,

Bryan Mark Rigg, PhD
Rigg Wealth Management, LLC



Tel.
Fax
Mobile
Email

--

The information transmitted is intended only for the person or entity to which it is addressed and may contain confidential and/or privileged material. Any review, retransmission, dissemination or other use of this information by persons or entities other than the intended recipient is prohibited. If you receive this in error, please contact the sender and delete this material from any computer.

Cantella does not permit execution of trades requested by email. Please call to ensure prompt execution of orders, as we are not responsible for orders transmitted through email.

Investing involves risk and you may incur a profit or a loss. Please carefully consider investment objectives, risks, charges, and expenses before investing. Cantella & Co., Inc. does not provide legal or tax advice. For legal or tax advice, please seek the services of a qualified professional. The performance data featured represents past performance, which is no guarantee of future results. Mutual funds and UITs are sold by prospectus only. Please carefully consider the fund's investment objective, risks, charges and expenses applicable to a continued investment in the fund before investing. For this and other information, call or write for a free prospectus, or view one online. Read it carefully before you invest or send money.

Fixed income is subject to availability and change in price. Bonds are subject to market and interest rate risk if sold prior to maturity. Interest rate increases can cause the price of a debt security to decrease. Interest income may be subject to federal, state, local, and/or alternative minimum tax. Cantella is not registered as a Municipal Advisor and is not acting in this capacity.

In accordance with industry regulations, all messages are retained and are subject to monitoring.

This message has been scanned for viruses and dangerous content and is believed to be clean.

Securities offered through Cantella & Co., Inc., Member FINRA/SIPC.

Home Office: 350 Main Street 3rd Floor Malden, MA 02148
Telephone: (800)652-8358