```
           IN THE UNITED STATES DISTRICT COURT
        FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
                      AT HUNTINGTON

_____x
                              :
HERSHEL WOODROW WILLIAMS,     :    Civil Action
                              :
           Plaintiff,         :    No.  3:19-cv-00423
                              :
v.                            :
                              :    Date:  March 30, 2020
BRYAN MARK RIGG, et al.,      :
                              :
           Defendant.         :
_____x


     TRANSCRIPT OF NON-EVIDENTIARY HEARING - TRO HELD
   BEFORE THE HONORABLE THOMAS E. JOHNSTON, CHIEF JUDGE
              UNITED STATES DISTRICT COURT
              IN CHARLESTON, WEST VIRGINIA
                      TELEPHONICALLY
```

APPEARANCES:

For the Plaintiff:          JOHN H. MAHANEY, ESQ.
(By telephone)              BRITTANY GIVEN, ESQ.
                            Dinsmore & Shohl
                            P. O. Box 2185
                            Huntington, WV 25722-2185

For the Defendant:          THOMAS M. HANCOCK, ESQ.
(By telephone)              ALEXANDER C. FRAMPTON, ESQ.
                            Nelson Mullins Riley &
                            Scarborough
                            P. O. Box 1856
                            Huntington, WV 25719-1856


Court Reporter:             Ayme Cochran, RMR, CRR

Proceedings recorded by mechanical stenography;
transcript produced by computer.

EXHIBIT E

*Ayme A. Cochran, RMR, CRR (304) 347-3128*

1  interest that we have, and that's our burden to prove it.  I
2  agree we have to prove it, but if we prove it, that Mr. Rigg
3  agreed that he wouldn't publish unless we were in agreement
4  with that, then that's a protectable interest and they can't
5  stand there and say that and ask for the Court to
6  countenance it and say, yeah, you know, that's okay.  You
7  may have said that, but there's no ramification to it.
8  There's no teeth and it's certainly -- it's unenforceable
9  because of the West Virginia Constitution either in damages
10 or an injunction.
11      And I submit that, in either case, the Court -- if we
12 prove the traditional elements for the need for an
13 injunction, then it applies both ways.  And the Court is
14 going to get to look at the agreement.  And I agree that the
15 parties never came to a meeting of the mind on every single
16 issue out there, but Mr. Rigg signed, he actually signed a
17 version of the agreement that actually Mr. Williams signed,
18 as well, but Mr. Rigg signed it, signed it twice, in a
19 provision that says, "The book will be a collaborative
20 effort by all parties noted above.  Mr. Williams and Author
21 Mr. Rigg shall mutually decide on the book, content, title
22 and when the book is complete and ready to be published.
23 The design, format and style of the book, including text,
24 photos, graphic material and dust jacket art will also be
25 mutually developed."