IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT HUNTINGTON

HERSHEL WOODROW "WOODY"
WILLIAMS,

                Plaintiff,

v.

BRYAN MARK RIGG, an individual;
STACKPOLE, INC., a Pennsylvania
Corporation; and THE ROWMAN &
LITTLEFIELD PUBLISHING GROUP,
INC., a Delaware Corporation,

                Defendants.

Civil Action No. 3:19-CV-00423
Honorable Judge Johnston

### BRYAN MARK RIGG'S SUPPLEMENTAL MEMORANDUM IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT

    Bryan Mark Rigg, Defendant, by and through undersigned counsel, and in light of the Court's recent ruling on his Motion to Dismiss, hereby submits this Supplemental Memorandum in Support of his Motion for Summary Judgment pursuant to Federal Rule of Civil Procedure 56.[1]

### LAW AND ARGUMENT

    Under West Virginia law, "[n]o action shall be brought . . . upon any agreement that is not to be performed within a year . . . unless the offer, promise, contract, agreement,

---

[1] Defendant Bryan Mark Rigg filed his Amended Memorandum in Support of his Motion for Summary Judgment, (ECF No. 122), on September 1, 2021. The Amended Memorandum incorporated by reference arguments related to the Statute of Frauds made in Mr. Rigg's Motion to Dismiss the Amended Verified Complaint. (ECF No. 122), at 8 n.4. On September 9, 2021, the Court issued its Memorandum Opinion and Order denying Mr. Rigg's Motion to Dismiss. (ECF No. 124). Mr. Rigg files this Supplemental Memorandum to make arguments regarding the Statute of Frauds in light of the Court's denial of his Motion to Dismiss, which occurred after the initial memorandum of law was filed.

representation, assurance, or ratification, or some memorandum or note thereof, be in writing and signed by the party to be charged thereby or his agent." W. VA. CODE § 55-1-1(f). The issue of whether an alleged agreement is unenforceable under the statute of frauds is a question of law for the Court. *Commonwealth Film Processing, Inc. v. Courtaulds U.S., Inc.*, 717 F. Supp. 1157, 1159 (W.D. Va. 1989). Here, the alleged oral agreement is barred.

The purpose of the statute of frauds is critical in cases like this. As the Supreme Court of Appeals of West Virginia explained:

> The purpose of the statute of frauds was and is to make difficult the establishment of perjured and fraudulent claims. The method of making perjured claims difficult, under this type of statute, is to refuse to admit oral testimony as to the existence of terms of certain classes of contracts. The statute reflects a judgment that parol evidence of certain types of agreements is so inherently suspect that it should not even be presented to a jury, an institution otherwise generally considered capable of distinguishing fact from invention. On these matters, the statute implies, even a jury cannot be trusted to recognize truth.

*Thompson v. Stuckey*, 300 S.E.2d 295, 298 (W. Va. 1983) (internal quotes and citations omitted). West Virginia mandates that for any situation where a party claims the existence of an oral contract that was not performed in a year—as here—the plaintiff must present "clear and convincing evidence" of such oral contract before it can be presented to a jury. *Id.*; *accord Yanero v. Thompson*, 342 S.E.2d 224, 226 (W. Va. 1986). Here, to the extent any agreement exists,[2] the Statute of Frauds bars the claims made by Mr. Williams in the absence of a written oral agreement.

First, the Statute of Frauds bars Mr. Williams' claims for breach of oral contract because it cannot be performed in a year. One of the terms of the contract alleged by Mr. Williams was

---

[2] Mr. Rigg restates and incorporates by reference his arguments made against the existence of an enforceable agreement in his Amended Memorandum in Support of his Motion for Summary Judgment. (ECF No. 122).

that "the parties would share equally in the profits of the book." Am. Verified Compl., (ECF No. 59), at ¶ 50. This term is, as a matter of law, incapable of being performed within one year. *Grossberg v. Double H. Licensing Corp.*, 86 A.D. 2d 565, 566 (N.Y. App. 1982) (agreement to share in record proceeds lasts longer than a year); *Johnson v. Salomon*, No. 4-73-Civ-536, 1977 U.S. Dist. LEXIS 15735, at *89 (D. Minn. May 25, 1977) (alleged oral license for book on 3-D chess barred by statute of frauds as rights for monies from a book exists for length of copyright); *Thor v. Moore & McMichael Rd., LLC*, No. 332813, 2018 Mich. App. LEXIS 2738, at *6 (Mich. Ct. App. June 26, 2018) (agreement for payment of 5 percent of profits for sale of book is properly dismissed on a motion to dismiss as violating the statute of frauds because, as a matter of law, "an author receives royalties for the length of that author's copyright"); *Miller v. Holtzbrinck Publrs., LLC*, No. 08-CIV-3508, 2009 U.S. Dist. LEXIS 18973, at *13-15 (S.D.N.Y. March 3, 2009) (plaintiff, who wrote biography for and about the defendant, cannot sue for share of book proceeds as such a claim is barred by the statute of frauds and the plaintiff cannot get around the statute of frauds by trying to convert to tort claim); *Kastner v. Gover*, 244 N.Y.S. 2d 275, 277 (1963) (oral agreement for 50% of sums earned from a written play violates the statute of frauds as the obligation to share money would continue for the 28-year term of the copyright and "[s]uch continuing obligation to make payments to defendant makes this alleged agreement incapable of performance within one year"); *see also Commonwealth Film Processing, Inc. v. Courtaulds United States, Inc.*, 717 F. Supp. 1157, 1159 (W.D. Va. 1989) ("continuous" oral license agreement for patented works cannot be performed within a year as rights would exist for length of patent).

      Here, Mr. Williams has identified no limitation to the term that the parties would share profits from the sale of the book. At deposition, Mr. Williams testified that the parties would

share the "residual" of the book "when the book sold." Deposition of Hershel Woodrow "Woody" Williams, Day 1, attached to the Amended Memorandum in Support as **Exhibit A**, at 34:17–22. Again, this statement provides no time limitation. Therefore, per the terms of the alleged agreement, the profits from the book would be shared equally when a copy of *Flamethrower* sold, whether that sale occurs tomorrow or ten years from now. Indeed, even if every copy of the book had been sold within the first year, the obligation would have continued in perpetuity. The contractual obligation to share proceeds would still exist, whether or not such proceeds ever actually materialized. As one court explained:

> The plaintiff under his contention was to be paid royalties on all sales of the product. It is true that the defendant might cease production of the product within one year, but the obligations of the contract would remain in force, and the defendant would be required, if such a contract existed and was valid, to pay the royalty in the event production should be resumed. In other words, the contract obligations would not be terminated by the mere cessation of production within one year. No performance would be due so long as production were stopped, but production might resume, and, if so, further performance would be called for on both sides.

*Cobb v. Southern Plaswood Corp.*, 171 F. Supp. 691, 701 (W.D. Ark. 1959). This reasoning from the Cobb decision has been applied to an oral contract to share in the proceeds of the sales of books—or other materials protected by copyright, patent, or similar right whereby the ownership is governed by a statutory time period. Every Court analyzing this issue has held that such contracts are bared by the statute of frauds. See *Grossberg*, *Thor*, and other cases string cited *supra*.

That same analysis applies to other alleged contracts for the sharing of profits that are of such indefinite duration. See, e.g., *United Beer Distrib. Co., Inc. v. Hiram Walker (N.Y.) Inc.,* 163

A.D.2d 79, 80 (NY App. 1990) ("Since the agreement called for performance for an indefinite duration and could only be terminated within one year by its breach during that period, it is not one which by its terms could be performed within one year."); *Computech Int'l, Inc. v. Compaq Computer Corp.*,2002 U.S. Dist. LEXIS 20307, at *3 (S.D.N.Y. Oct. 24, 2002) ("[C]ontracts of indefinite duration are deemed to be incapable of being performed within a year, and thus fall within the ambit of the Statute of Frauds"); *Madison Oslin, Inc. v. Interstate Res., Inc.*, No. MJG-12-3041, 2015 U.S. Dist. LEXIS 37587, at *16-17 (D. Md. March 25, 2015) (holding that oral joint venture could not be performed within a year as it involved profit payments that, by their nature, were long term); *Revson v. Claire's Stores, Inc.*, 120 F. Supp. 2d 322, 324 (S.D.N.Y. 2000) (contract for portion of any sales made violates the statute of frauds); *Dumas v. Auto Club Ins. Ass'n,* 473 N.W.2d 652, 655 (Mich. 1991) (oral agreement for seven percent commission of future sales violates the statute of frauds); *D & N Boening, Inc. v. Kirsch Beverages, Inc.*, 63 N.Y.2d 449, 457 (1984) (oral agreement that plaintiff alleged was to continue for as long as plaintiff distributed Yoo-Hoo chocolate beverage satisfactorily was of indefinite duration, and as such, void under the Statute of Frauds).

It should be noted that a party can—under some circumstances—seek to avoid the statute of frauds by arguing that they relied on the promise made and they performed pursuant to the contract that they believed was in existence. *E.g., Everett v. Brown*, 321 S.E.2d 685 (W. Va. 1984) (statute of frauds not applicable to contract for a listing of a house where party misled the other about the expiration of the written contract). However, this doctrine of performance is not applicable where—as here—the basis for the statute of frauds is that the underlying contract was not to be performed within a year. *See Kimmins v. Oldham*, 27 W. Va. 258, 265 (1885) (if a contract is barred by the statute of frauds for inability to be performed within a year, a plaintiff

5

cannot revive the contractual promise even if the plaintiff performed under the contract, although he may have a claim for quantum meruit[3]); *accord Fry Racing Enters. v. Chapman*, 497 S.E.2d 541 (W. Va. 1997) (when statute of frauds bars contract that cannot be performed in a year, partial performance does not avoid statute of frauds and plaintiff would be unable to recover under contract theory). Indeed, courts repeatedly hold that performance cannot revive contracts that are barred by the statute of frauds for not being able to be completed in a year. *See, e.g.*, *Revson*, 120 F. Supp. 2d at 325-26 ("The part performance argument is no more meritorious. Although part performance often will take an otherwise unenforceable contract out of the Statute of Frauds, this principle does not apply to a contract that is unenforceable because it is incapable of performance within one year.") (citing *Regal Custom Clothiers, Inc. v. Mohan's Custom Tailors, Inc.*, No. 96 Civ. 6320, 1997 U.S. Dist. LEXIS 9288, at *4 (S.D.N.Y. July 1, 1997); *Konigsberg v. Security National Bank*, 66 F.R.D. 439, 443 (S.D.N.Y. 1975); *Sawyer v. Sickinger*, 47 A.D.2d 291 (N.Y. Ct. App. 1975); *Culotta v. Banana Sales Corp.*, 254 N.Y.S. 84, 85 (1931)); *Johnson*, No. 4-73-CIV-536, 1977 U.S. Dist. LEXIS 15735, at *89 (the doctrine of part performance is not applicable to contracts which are unenforceable under the Statute of Frauds because they are not to be performed within one year); *accord Long v. Long*, 122 P. 1077 (Cal. 1912); *Conoley v. Harrell,* 62 So. 511 (Ala. 1913); *Nastrom v. Sederlin*, 3 P.2d 82 (Wyo. 1931); *St. Louis Trading Co. v. Barr*, 32 P.2d 293 (Okla. 1934); *A.J. Hamilton v. Atlas Freight*, 50 P.2d 522 (Wash. 1935); *Chevalier v. Lane's Inc.*, 213 S.W.2d 530 (Tex.. 1948). As such, Mr. Williams's claims are foreclosed by the Statute of Frauds, and summary judgment should be granted in favor of Mr. Rigg.

---

[3] Notably, despite multiple amendments to the complaint here, Plaintiff has never alleged Quantum Meruit.

WHEREFORE, for the foregoing reasons, as well as the reasons in Defendant Bryan Mark Rigg's Amended Memorandum in Support of his Motion for Summary Judgment, (ECF No. 122), Defendant Bryan Mark Rigg respectfully requests this Court enter an order granting summary judgment in his favor.

Respectfully submitted,

  /s/ Thomas M. Hancock
Thomas M. Hancock (WV Bar No. 10597)
Alexander C. Frampton (WV Bar No. 13398)
**NELSON MULLINS RILEY &**
**SCARBOROUGH LLP**
949 Third Ave., Suite 200
Huntington, WV 25701
Phone: (304) 526-3500
Email: tom.hancock@nelsonmullins.com
Email: alex.frampton@nelsonmullins.com

**And**

Geoffrey Scott Harper (*pro hac vice* forthcoming)
**WINSTON & STRAWN LLP**
2121 N. Pearl St., Suite 900
Dallas, TX 75201
Phone: (214)453-6476
Email: gharper@winston.com
**COUNSEL FOR DEFENDANT BRYAN MARK RIGG**

# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
## AT HUNTINGTON

HERSHEL WOODROW "WOODY"
WILLIAMS,

                    Plaintiff,

v.

BRYAN MARK RIGG, an individual;
STACKPOLE, INC., a Pennsylvania
Corporation; and THE ROWMAN &
LITTLEFIELD PUBLISHING GROUP,
INC., a Delaware Corporation,

                    Defendants.

Civil Action No.  3:19-CV-00423
Honorable Judge Johnston

## **CERTIFICATE OF SERVICE**

The undersigned attorney hereby certifies that a true and correct copy of the foregoing ***"Bryan Mark Rigg's Supplemental Memorandum in Support of Motion for Summary Judgment"*** was served via the CM/ECF system on the 13th day of September, 2021, which will send notice to the following participants:

    J.H. Mahaney
    Brittany S. Given
    Dinsmore & Shohl LLP
    611 Third Avenue
    Huntington, WV 25701

 /s/ Thomas M. Hancock
Thomas M. Hancock (WV Bar No. 10597)
Alexander C. Frampton (WV Bar No. 13398)
**NELSON MULLINS RILEY & SCARBOROUGH LLP**
949 Third Ave., Suite 200
Huntington, WV 25701
Phone: (304) 526-3500
Email: tom.hancock@nelsonmullins.com
Email: alex.frampton@nelsonmullins.com

**And**

Geoffrey Scott Harper (*pro hac vice* forthcoming)
**WINSTON & STRAWN LLP**
2121 N. Pearl St., Suite 900
Dallas, TX 75201
Phone: (214) 453-6476
Email: gharper@winston.com